IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bernard Wilson, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> State of South Carolina, <br><br> Defendant. | C/A No. 3:21-cv-1495-JFA-KDW <br><br> **ORDER** |

I.      **INTRODUCTION**

The *pro se* plaintiff, Alexander Bernard Wilson, Jr., proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983[1]. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the complaint and issuing a proper form order, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report"). (ECF No. 15). Within the Report, the Magistrate Judge opines that this court should dismiss the complaint without issuance and service of process pursuant to 28 U.S.C. §

---

[1] In addition to a complaint for violation of civil rights, Plaintiff's initial filing also appears to include a petition under 28 U.S.C. § 2254 for writ of habeas corpus. (ECF No. 1, p. 1). However, this petition appears to be duplicative of a separate petition currently pending in this court at civil action number 5:21-cv-1000. Accordingly, the Magistrate Judge has construed Plaintiff's filing in this action solely as a civil claim brought pursuant to § 1983. This Court will follow suit.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

1915(e)(2)(B).[3] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on June 6, 2021. *Id.* Plaintiff filed objections to the Report on June 28, 2021[4]. (ECF No. 19). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the

---

[3] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

[4] Plaintiff also filed several additional "letters" with attachments after filing his objections. (ECF Nos. 20, 21, 22, & 24). The Court has reviewed these letters and determined that they do not include any arguments that could be construed as objections to the Report. Thus, they will not be considered for purposes of this order.

Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter have been incorporated from the Report. Within the Report, the Magistrate Judge recommends Plaintiff's claims be dismissed for a number of reasons, including Eleventh Amendment immunity and the preclusive doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Most of the arguments included in Plaintiff's responsive filing do not constitute specific objections to the Report and are thus not considered. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

However, when liberally construed, the Court is able to identify two discernable objections. In his first objection, Plaintiff appears to take issue with the Magistrate Judge's reliance on the case of *Quern v. Jordan*, 440 U.S. 332, 343 (1979) to support the conclusion that while "sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case." (ECF No. 15, p. 2-3). Plaintiff avers that "Quern v. Jordan [] did not say a plaintiff false imprisonment claim for damages that the state of South Carolina is immune by Congress." (ECF No. 19-2, p. 2). Although Plaintiff is technically correct that this case does not specifically reference false imprisonment suits

4

against the state of South Carolina, it does stand for the proposition that a state, such as South Carolina, is immune from suits under § 1983, as is the case here. Accordingly, Plaintiff's objection is overruled.

Plaintiff's second objection takes issue with the Magistrate Judge's citation to S.C. Code Ann. § 15-78-20(e) which states that the state of South Carolina has not consented to suit in federal district court. Plaintiff argues that reference to this statute misses the point because a separate statute holds that "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). Plaintiff's argument misses the mark. Although this statute references an individual governmental employee's potential immunity, it does not address South Carolina's sovereign immunity. Additionally, Plaintiff's complaint fails to name any individual governmental employee, let alone allege conduct falling outside the scope of official duties. Thus, this statute is completely inapplicable here. Therefore, Plaintiff's objection must be overruled.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 15). Thus, Plaintiff's

claims are summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 6, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge