IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bernard Wilson, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> State of South Carolina, <br><br> Defendant. | C/A No. 3:21-cv-1495-JFA-KDW <br><br><br> **ORDER** |

The *pro se* plaintiff, Alexander Bernard Wilson, Jr., originally asserted this civil rights action pursuant to 42 U.S.C. § 1983. Upon recommendation from the Magistrate Judge, this Court ultimately dismissed Plaintiff's claims without prejudice and without issuance and service of process. (ECF No. 25).

Plaintiff now moves to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 28). Prior to moving into the substance of this motion, the Court would note that Plaintiff's motion states this case originally had the civil action number 5:21-cv-1000-JFA-KDW. As stated in this Court's prior order, Plaintiff's initial filing in this action also appeared to include a petition under 28 U.S.C. § 2254 for writ of habeas corpus. (ECF No. 1, p. 1). However, this petition appears to be duplicative of a separate petition currently pending in this Court at civil action number 5:21-cv-1000. Accordingly, the Magistrate Judge construed Plaintiff's filing in this action solely as a civil claim brought pursuant to § 1983. Thus, Plaintiff's separate action for writ of habeas corpus remains pending separate and apart from this action and will not be considered for purposes of this motion.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.)*; *Doe*

1

*v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court — the motion is basically a disagreement with those issues already decided by this Court. The Court understands that Plaintiff may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is denied.

IT IS SO ORDERED.

July 30, 2021                                               Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge